ALAN R. BRAYTON, ESQ., S.B. #73685
DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL LLP
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555
(415) 898-1247 (Fax No.)

Attorneys for Plaintiff

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

## THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVIN COOKS,<br><br>       Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br>LOCKHEED MARTIN CORPORATION,<br>AND MCDONNELL DOUGLAS<br>CORPORATION<br><br>       Defendants. | No. C07-5451-EMC<br><br>COMPLAINT FOR ASBESTOS<br>PERSONAL INJURY/ PRODUCTS<br>LIABILITY;<br><br>DEMAND FOR JURY TRIAL |

### I.

### PARTIES

1.    Plaintiff in this action, ALVIN COOKS has sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos.

2.    Plaintiff sustained an asbestos-related lung disease by the inhalation of asbestos fibers released during the handling of asbestos-containing products at Plaintiff's jobsites.

3.    The pathogenesis of Plaintiff's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiff's complaint and incorporated by reference herein.

4.     All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff, resulting in cumulative, progressive, incurable lung diseases.

5.     Plaintiff claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.     As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff.

7.     Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, Defendants, inclusive, were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

**II.**

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

8.     Jurisdiction: Plaintiff ALVIN COOKS is a citizen of the State of Washington. Defendant GENERAL ELECTRIC COMPANY  is a corporation incorporated under the laws of Connecticut, and having their principal places of business in New York.      Defendant LOCKHEED MARTIN CORPORATION is a  corporation incorporated under the laws of, and having its principal places of business in the State of Maryland.    Defendant MCDONNELL DOUGLAS CORPORATION  is a corporation incorporated under the laws of , and having their principal places of business in the State of Maryland.

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9.    Venue / Intradistrict Assignment. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, Plaintiff  is a Citizen of the State of California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

## III.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Negligence)

PLAINTIFF ALVIN COOKS COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, LOCKHEED MARTIN CORPORATION, AND MCDONNELL DOUGLAS CORPORATION THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10.   At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting, representing, endorsing servicing, installing, contracting for installation, repairing,

marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring,

mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product,

namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter

collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable

for the tortious conduct of each successor, successor in business, successor in product line or a

portion thereof, assign,  predecessor in product line or a portion thereof, parent, holding

company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or

partially owned entity, or entity that it was a member of, or funded, that researched, studied,

manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought,

offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation,

repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain

product, namely asbestos, and other products containing asbestos. The following defendants,

and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of

them, in that there has been a virtual destruction of plaintiff's remedy against each such

ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or

a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused

the destruction of plaintiff's remedy against each such ALTERNATE ENTITY; each such

defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY;

and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE

ENTITY:

///

///

///

///

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |
| LOCKHEED MARTIN CORPORATION | LOCKHEED CORPORATION |
| | LOCKHEED MISSILES & SPACE CO., INC. |
| | LOCKHEED AIRCRAFT CORPORATION |
| | LOCKHEED PROPULSION COMPANY |
| MCDONNELL DOUGLAS CORPORATION | DOUGLAS AIRCRAFT COMPANY |
| | BOEING NORTH AMERICAN, INC. |
| | CONSOLIDATED AIRCRAFT |

11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed,

1    represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded,

2    manufactured for others, packaged and advertised, a certain product, namely asbestos, and other

3    products containing asbestos, in that said products caused personal injuries to users, consumers,

4    workers, bystanders and others, including the plaintiff herein, (hereinafter collectively called

5    "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby

6    rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

7        13.  Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

8    exercise due care in the pursuance of the activities mentioned above and defendants, and each of

9    them, breached said duty of due care.

10

11        14.  Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

12    have known, and intended that the aforementioned asbestos and products containing asbestos

13    and related products and equipment, would be transported by truck, rail, ship, and other common

14    carriers, that in the shipping process the products would break, crumble, or be otherwise

15    damaged; and/or that such products would be used for insulation, construction, plastering,

16    fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

17    limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

18    breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

19    release of airborne asbestos fibers, and that through such foreseeable use and/or handling

20    "exposed persons", including plaintiff herein, would use or be in proximity to and exposed to

21    said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

22    persons working in proximity to said products, directly or through reentrainment.

23

24        15.  Plaintiff have used, handled, or been otherwise exposed to asbestos and asbestos-

25    containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's

26    exposure to asbestos and asbestos-containing products is on current information as set forth at

27    various locations and circumstances in **Exhibit A**, attached to plaintiff's complaint and

28

incorporated by reference herein.

16.  As a direct and proximate result of the acts, omissions, and conduct of the defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss, or harm to the plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and incorporated by reference herein.

17.  Plaintiff is informed and believes, and thereon alleges, that progressive lung disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers without perceptible trauma and that said injury, damage, loss, or harm results from exposure to asbestos and asbestos-containing products over a period of time.

18. Plaintiff suffers from a condition related to exposure to asbestos and asbestos-containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented risk of injury and/or disease.

19. As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20. As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21. As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22. Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23. Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

24. The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons". Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive damages according to proof.

WHEREFORE, Plaintiffs pray judgment against defendants, their "alternate entities," and each of them, as hereinafter set forth.

///

///

///

///

///

///

<u>SECOND CAUSE OF ACTION</u>

(Products Liability)

AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

ACTION FOR PRODUCTS LIABILITY, PLAINTIFF ALVIN COOKS COMPLAINS OF

DEFENDANTS GENERAL ELECTRIC COMPANY, LOCKHEED MARTIN

CORPORATION, AND MCDONNELL DOUGLAS CORPORATION THEIR "ALTERNATE

ENTITIES," AND EACH OF THEM, AS FOLLOWS:

25. Plaintiff incorporates herein by reference, as though fully set forth herein, the

allegations contained in each paragraph of the First Cause of Action herein.

26. Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

that the above-referenced asbestos and asbestos-containing products would be used by the

purchaser or user without inspection for defects therein or in any of their component parts and

without knowledge of the hazards involved in such use.

27. Said asbestos and asbestos-containing products were defective and unsafe for their

intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The

defect existed in the said products at the time they left the possession of defendants, their

"alternate entities," and each of them. Said products did, in fact, cause personal injuries,

including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

herein, while being used in a reasonably foreseeable manner, thereby rendering the same

defective, unsafe and dangerous for use.

28. "Exposed persons" did not know of the substantial danger of using said products.

Said dangers were not readily recognizable by "exposed persons". Said defendants, their

ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

which Plaintiff and others similarly situated were exposed.

29. In researching, manufacturing, fabricating, designing, modifying, testing or failing

to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering

1   for sale, supplying, selling, inspecting, servicing, installing, contracting for installation,

2   repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

3   advertising asbestos and asbestos-containing products, defendants, their ALTERNATE

4   ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed

5   persons" who came in contact with said asbestos and asbestos-containing products, in that said

6   defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there

7   was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-

8   containing products, including, but not limited to, asbestosis, other lung damages and cancer.

9   Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or

10  with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and

11  which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of

12  them on or before 1930, and thereafter.

13         30.    On or before 1930, and thereafter, said defendants, their ALTERNATE ENTITIES

14  and each of them, were aware that members of the general public and other "exposed persons",

15  who would come in contact with their asbestos and asbestos-containing products, had no

16  knowledge or information indicating that asbestos or asbestos-containing products could cause

17  injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

18  members of the general public and other "exposed persons", who came in contact with asbestos

19  and asbestos-containing products, would assume, and in fact did assume, that exposure to

20  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

21  hazardous to health and human life.

22

23         31.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each of

24  them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute, lease,

25  buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair, market,

26  warrant, rebrand, manufacture for others, package and advertise said asbestos and asbestos-

27  containing products without attempting to protect "exposed persons" from or warn "exposed

28  persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-

containing products. Rather than attempting to protect "exposed persons" from, or warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them, intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed and suppressed said knowledge from "exposed persons" and members of the general public, thus impliedly representing to "exposed persons" and members of the general public that asbestos and asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied representations with the knowledge of the falsity of said implied representations.

32.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was motivated by the financial interest of said defendants, their ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply, sale, inspection, installation, contracting for installation, repair, marketing, warranting, rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-containing products. In pursuance of said financial motivation, said defendants, their ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed persons" and in fact were consciously willing and intended to permit asbestos and asbestos-containing products to cause injury to "exposed persons" and induced persons to work with and be exposed thereto, including Plaintiff.

33.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing products to be safe for their intended use but that their asbestos and asbestos-containing products, created an unreasonable risk of bodily harm to exposed persons.

34.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched,

designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised by the aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of herein.

35.   Plaintiff relied upon defendants', their "alternate entities'", and each of their representations, lack of warnings, and implied warranties of fitness of asbestos and their asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff have been injured permanently as alleged herein.

36.   As a direct and proximate result of the actions and conduct outlined herein, Plaintiff have suffered the injuries and damages previously alleged.

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them, as hereinafter set forth.

## IV.

## PRAYER

WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE ENTITIES, and each of them in an amount to be proved at trial, as follows:

(a) For Plaintiff's general damages according to proof;

(b) For Plaintiff's loss of income, wages and earning potential according to proof;

(c) For Plaintiff's medical and related expenses according to proof;

(d) For Plaintiff's cost of suit herein;

(e) For exemplary or punitive damages according to proof;

(f) For damages for fraud according to proof; and

1   (g) For such other and further relief as the Court may deem just and proper, including

2   costs and prejudgment interest.

3

4   Dated: October 22, 2007                          BRAYTON❖PURCELL LLP

5

6                                                    S/  David R.  Donadio

7                                          By: _____

8                                                    David R.  Donadio
                                                     Attorneys for Plaintiff
9

10

11                                  JURY DEMAND

12      Plaintiff hereby demands trial by jury of all issues of this cause.

13

14

15   Dated: October 22, 2007                         BRAYTON❖PURCELL LLP

16                                                    S/  David R.  Donadio

17

18                                         By: _____
                                                     David R.  Donadio
19                                                   Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

K:\Injured\106019\Fed\Fed Cmp (Cooks PI).wpd

13

COMPLAINT -  C07-5451-EMC