**BRYAN CAVE LLP**
Robert E. Boone III, California Bar No. 132780
Tyler R. Johnson, California Bar No. 246235
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:  (310) 576-2200
E-Mail:   reboone@bryancave.com
          tyler.johnson@bryancave.com

Attorneys for Defendant
McDONNELL DOUGLAS CORPORATION

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVIN COOKS,<br><br>　　Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, LOCKHEED MARTIN CORPORATION, AND MCDONNELL DOUGLAS CORPORATION,<br><br>　　Defendants. | Case No. C 07 5451 EMC<br><br>[Assigned to the Hon. Edward M. Chen]<br><br>**MCDONNELL DOUGLAS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR ASBESTOS PERSONAL INJURY / PRODUCTS LIABILITY** |

Defendant McDONNELL DOUGLAS CORPORATION ("MDC") hereby answers the Complaint for Asbestos Personal Injury/Products Liability ("Complaint") of Plaintiff ALVIN COOKS ("Plaintiff"), as set forth below.

## PARTIES

1.　MDC is without information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and on that basis, denies them.

2.　MDC is without information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and on that basis, denies them.

3.　MDC is without information sufficient to form a belief as to the truth of

1  the allegations of paragraph 3 of the Complaint, and on that basis, denies them.

2      4.    MDC denies the allegations of paragraph 4 of the Complaint.

3      5.    MDC is without information sufficient to form a belief as to the truth of
4  the allegations of paragraph 5 of the Complaint, and on that basis, denies them.

5      6.    MDC is without information sufficient to form a belief as to the truth of
6  the allegations of paragraph 6 of the Complaint, and on that basis, denies them.

7      7.    In answer to paragraph 7 of the Complaint, MDC admits that it is a
8  Maryland corporation, was and is authorized to conduct business in California, and has
9  conducted business in California. Except as expressly admitted in this paragraph,
10 MDC is without information sufficient to form a belief as to the truth of the remaining
11 allegations of paragraph 7 of the Complaint, and on that basis, denies them.

12

13 <u>JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT</u>

14     8.    In answer to paragraph 8 of the Complaint, MDC admits that it is a
15 Maryland corporation. MDC denies that its principal place of business is in Maryland.
16 Except as expressly admitted or denied in this paragraph, MDC is without information
17 sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 of
18 the Complaint, and on that basis, denies them.

19     9.    MDC is without information sufficient to form a belief as to the truth of
20 the allegations of paragraph 9 of the Complaint, and on that basis, denies them.

21

22 <u>FIRST CAUSE OF ACTION FOR NEGLIGENCE</u>

23     10.    In answer to the allegations of paragraph 10 of the Complaint, MDC
24 admits that it is the successor-in-interest to Douglas Aircraft Company. MDC denies
25 the remaining allegations of paragraph 10 of the Complaint insofar as they purport to
26 apply to MDC. MDC is without knowledge or information sufficient to form a belief
27 as to the truth of the other allegations of paragraph 10 of the Complaint and, on that
28 basis, denies them.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1  11.  MDC denies the allegations of paragraph 11 of the Complaint.
2  12.  MDC denies the allegations of paragraph 12 of the Complaint.
3  13.  MDC denies the allegations of paragraph 13 of the Complaint.
4  14.  MDC denies the allegations of paragraph 14 of the Complaint.
5  15.  MDC denies the allegations of paragraph 15 of the Complaint.
6  16.  MDC denies the allegations of paragraph 16 of the Complaint.
7  17.  MDC denies the allegations of paragraph 17 of the Complaint.
8  18.  MDC denies the allegations of paragraph 18 of the Complaint.
9  19.  MDC denies the allegations of paragraph 19 of the Complaint.
10 20.  MDC denies the allegations of paragraph 20 of the Complaint.
11 21.  MDC denies the allegations of paragraph 21 of the Complaint.
12 22.  MDC denies the allegations of paragraph 22 of the Complaint.
13 23.  MDC denies the allegations of paragraph 23 of the Complaint.
14 24.  MDC denies the allegations of paragraph 24 of the Complaint.
15
16             SECOND CAUSE OF ACTION FOR PRODUCTS LIABILITY
17 25.  In answer to paragraph 25 of the Complaint, MDC realleges and
18 incorporates by reference its answers to paragraphs 1 through 24 of the Complaint as
19 though fully set forth herein.
20 25.  MDC denies the allegations of paragraph 25 of the Complaint.
21 26.  MDC denies the allegations of paragraph 26 of the Complaint.
22 27.  MDC denies the allegations of paragraph 27 of the Complaint.
23 28.  MDC denies the allegations of paragraph 28 of the Complaint.
24 29.  MDC denies the allegations of paragraph 29 of the Complaint.
25 30.  MDC denies the allegations of paragraph 30 of the Complaint.
26 31.  MDC denies the allegations of paragraph 31 of the Complaint.
27 32.  MDC denies the allegations of paragraph 32 of the Complaint.
28 33.  MDC denies the allegations of paragraph 33 of the Complaint.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

34. MDC denies the allegations of paragraph 34 of the Complaint.

35. MDC denies the allegations of paragraph 35 of the Complaint.

36. MDC denies the allegations of paragraph 36 of the Complaint.

MDC states the following defenses to each and every claim for relief alleged in the Complaint:

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state facts sufficient to constitute any claim(s) for relief against MDC.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

3. Venue is improper in this Court.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred by his express assumption of the risks and

dangers, if any, associated with the alleged conditions, conduct or injuries.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred by his implied assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or injuries.

### NINTH AFFIRMATIVE DEFENSE

9. Some or all of the damages claimed by Plaintiff are not recoverable under applicable law. In the event that there is a finding of damages for Plaintiff, such damages should be reduced or offset by various benefits received by Plaintiff under applicable law.

### TENTH AFFIRMATIVE DEFENSE

10. If Plaintiff sustained injury or damage, said injury or damage was caused wholly or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other than MDC, which conduct, acts or omissions, or fault was the sole proximate cause or an intervening or superseding cause of any injury or damage to Plaintiff. Plaintiff's claims and damages sought with respect thereto, if any, against MDC are barred completely or must be reduced in proportion to the fault attributable to other third parties or entities as are found culpable.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Any injury, damage or loss allegedly sustained by Plaintiff was proximately and actually caused by and contributed to by the negligence and carelessness on the part of Plaintiff in that Plaintiff failed to exercise ordinary care on his own behalf at the times and in the places set forth in the Complaint. Accordingly, recovery by Plaintiff should be barred or reduced to the extent of such responsibility.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims are barred because Plaintiff failed and refused to mitigate his alleged damages and losses.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The product(s) in question, if any, was/were modified by persons other than MDC after leaving MDC's custody and control and before the incidents alleged in the Complaint, and said modifications were the proximate cause of Plaintiff's alleged injury, thereby barring any and all claims against MDC.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Any and all injuries and damages allegedly suffered by Plaintiff were solely and proximately caused by the abuse or misuse by Plaintiff and/or others of the product(s) in question, which abuse and misuse was not reasonably foreseeable, thereby barring Plaintiff from any recovery from MDC.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. At all times relevant to the alleged conditions, conduct or injuries, Plaintiff had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct, and injuries because any such risk or danger was open, obvious, and apparent to Plaintiff, Plaintiff appreciated the danger or risk, and Plaintiff voluntarily assumed any such danger or risk.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. If Plaintiff sustained any injury or damage as alleged in the Complaint, the sole proximate cause of said injury or damage was the conditions, circumstances and/or conduct of others beyond the control of MDC which are unrelated to any use of its product(s) by Plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

17. The plans or designs, method or technique of manufacturing, assembling, testing, and labeling any product alleged in the Complaint to have caused all or part of Plaintiff's alleged damages conformed with the state of the art at the time any such product was designed, manufactured and/or sold by MDC.

EIGHTEENTH AFFIRMATIVE DEFENSE

18. The benefits of the design of the product(s) in question outweigh any risk associated with said product(s), if any risk there actually was, which MDC denies.

NINETEENTH AFFIRMATIVE DEFENSE

19. The actions of MDC were in conformity with the state of the medical, industrial, and scientific arts, so that there was no duty to warn Plaintiff under the circumstances, or to the extent such a duty arose, MDC provided adequate warnings, labels and/or instructions concerning any product in question. If those warnings, labels and/or instructions were not made available or heeded, it is the fault of others and not MDC.

TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to join all necessary and indispensable parties.

TWENTY-FIRST AFFIRMATIVE DEFENSE

21. MDC did not design and/or manufacture some or all of the products alleged in the Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

22. MDC owed no duty of care to Plaintiff. If MDC did, it did not breach any such duty.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. MDC made no express or implied representations or warranties of any kind to Plaintiff. To the extent that the alleged representations or warranties were made, they were made by persons or entities other than MDC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff did not rely upon any representations or warranties made by MDC. To the extent Plaintiff relied upon any alleged representations or warranties, such reliance was unjustified.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claim for punitive damages, if granted, would be grossly excessive and would violate the Due Process clause of the Fourteenth Amendment to the U.S. Constitution. MDC has not received fair notice that it could be subject to substantial punitive damages in this State for the conduct alleged. MDC's conduct was not deliberate, and the damages, if any, to Plaintiff were economic. The punitive damages sought by Plaintiff are greatly disproportionate to any actual damages and far exceed any civil or criminal sanctions that could be imposed for similar alleged misconduct.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff's claim for punitive damages would violate the Eighth Amendment to the U.S. Constitution and Article I, §§ 1 and 17 of the California Constitution because it seeks to impose an excessive fine upon MDC, is penal in nature, and seeks to punish MDC upon vague standards.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claim for punitive damages would violate the Equal Protection

clause of the Fourteenth Amendment to the U.S. Constitution and Article I, § 7 of the California Constitution because it discriminates against MDC on the basis of wealth and because different amounts can be awarded against two or more defendants for the same act where those defendants differ only in material wealth.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's claim for punitive damages violates the Due Process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution because it seeks to punish MDC based upon unconstitutionally vague standards.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's claim for punitive damages would violate the Fifth Amendment to the U.S. Constitution and Article I, § 15 of the California Constitution because it would expose MDC to multiple punishments and fines for the same act or conduct.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff's claim for punitive damages violates the Due Process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution in the absence of an order bifurcating that claim from the issue of liability.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Any award of punitive damages in this case would violate the Separation of Powers Doctrine since this Court and the jury would be usurping the exclusive power of the legislature to define crimes and establish punishment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Any award of punitive damages in this case would be constitutionally defective as an ex post facto law prohibited by the U.S. and California Constitutions.

1  The jury, in making any such punitive award, would be effectively criminalizing
2  conduct after it has occurred and without appropriate advance notice to a defendant
3  that such conduct may subject it to criminal punishment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. The punitive damages sought by Plaintiff would violate the Due Process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution because Plaintiff seeks to punish MDC in California for alleged conduct that occurred elsewhere.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's burden of proof is to support a punitive damage recovery by clear and convincing evidence.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. The Complaint fails to state a claim against MDC upon which relief can be granted.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. At no time relevant herein was Plaintiff exposed to any asbestos from products designed or manufactured by MDC.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Any exposure by Plaintiff to any MDC product was so minimal as to be insufficient, as a matter of law, to have constituted a substantial factor in causing any asbestos-related disease.

///
///

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.   Any and all "market share," "enterprise" and/or "concert of action" theories of liability are inapplicable to MDC and/or any of its products in question.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.   Under the doctrine of forum non conveniens, this case should be dismissed from this and any other district or jurisdiction in the United States.

### FORTIETH AFFIRMATIVE DEFENSE

40.   Plaintiff's claims against MDC are barred by the doctrine known as the "Government Contractor Defense" adopted by the United States Supreme Court in the case of <u>Boyle v. United Technologies Corp.</u>, 108 S. Ct. 2510 (1988).

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.   Any military products made by MDC were procured by the United States Government, which was sophisticated and knowledgeable concerning the use of, and any potential hazards of, asbestos products. MDC reasonably relied upon the sophistication of the United States Government and is not responsible for any failure of the United States Government to warn or take proper precautions for the protection of its own employees or civil servants, including Plaintiff.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.   Any products manufactured by MDC which incorporated asbestos-containing materials alleged to have been a cause of any disease contracted by Plaintiff were manufactured under, and in conformity with, the direction and control of the United States Government, which at all times material hereto had knowledge superior to that of MDC with respect to the potential hazards of asbestos products; accordingly, no liability can be imposed upon MDC.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. MDC satisfied any duty to warn by providing the United States Government with detailed specifications of each and every one of its products to which Plaintiff was allegedly exposed.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the derivative sovereign immunity defense doctrine under Yearsley v. W.A. Ross Construction Co., 309 U.S. 18 (1940).

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. MDC was not the owner, occupier or controller of any premises at which, or materials from which, Plaintiff claims he was exposed to any asbestos.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46. MDC did not violate any state or federal statute, regulation or ordinance to cause Plaintiff's alleged injuries.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims for relief are barred by California's Workers' Compensation Act, Labor Code §§ 3600 et seq., including more specifically the exclusive remedy rule embodied therein at Labor Code §§ 3601 and 3602(a).

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

48. MDC is not an alternate entity or successor-in-interest to Boeing North American, Inc. and/or Consolidated Aircraft.

MDC reserves the right, upon completion of its investigation and discovery, to assert such additional defenses as may be appropriate.

1  
2  WHEREFORE, MDC prays for judgment against Plaintiff dismissing the
3  Complaint and each and every claim for relief alleged therein, and awarding to MDC
4  costs, interest, reasonable attorneys' fees, and disbursements.
5  
6  
7  Dated: November 13, 2007        **BRYAN CAVE LLP**
                                    ROBERT E. BOONE III
8                                   TYLER R. JOHNSON
9  
                                    By:    /s/ Tyler R. Johnson
10                                         Tyler R. Johnson
11                                  Attorneys for Defendant
                                    McDONNELL DOUGLAS CORPORATION
12

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401.

On November 13, 2007, I served the foregoing document, described as **MCDONNELL DOUGLAS CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT FOR ASBESTOS PERSONAL INJURY / PRODUCTS LIABILITY**, on each interested party in this action, as follows:

Alan R. Brayton
Brayton & Purcell LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
Tel:  415–898–1555; Fax:  415–898–1247

☒  (BY MAIL) I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence  for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐  (BY FAX) I caused a true copy of the foregoing document to be served by facsimile transmission at the time shown on each attached transmission report from sending facsimile machine telephone number (310) 576-2200 to each interested party at the facsimile number shown above. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served. A true copy of each such transmission report is attached hereto.

Executed on November 13, 2007, at Santa Monica, California.

☒  (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

　　　　　　　　　　　　　/s/  Diane Kinder
　　　　　　　　　　　　　Diane Kinder