SEDGWICK, DETERT, MORAN & ARNOLD LLP
CHARLES T. SHELDON (Bar No. 155598)
DEREK S. JOHNSON (Bar No. 220988)
MEGAN E. GRUBER (Bar No. 246122)
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN COOKS,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>    Defendants. | CASE NO. C 07-5451 EMC<br><br>**GENERAL ELECTRIC COMPANY'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY;**<br><br>**DEMAND FOR JURY TRIAL;**<br><br>**CERTIFICATION OF INTERESTED ENTITIES** |

Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint filed on November 06, 2007, by plaintiff Alvin Cooks ("Plaintiff") as follows:

1. To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.

2. To the extent that paragraph 2 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

///

paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

3. To the extent that paragraph 3 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 3, and on such basis the allegations are denied. To the extent that paragraph 3 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

4. To the extent that paragraph 4 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 4, and on such basis the allegations are denied. To the extent that paragraph 4 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

5. To the extent that paragraph 5 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5, and on such basis the allegations are denied. To the extent that paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 5, and on such basis the allegations are denied.

6. Paragraph 5 of the complaint contains no allegations to which GE is required to respond.

7. To the extent that paragraph 7 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 7 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are denied.

8. To the extent that paragraph 8 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied. GE denies that it is a corporation incorporated under the laws of Connecticut. GE lacks sufficient knowledge or information to form a belief as to the truth of the allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the allegation is denied.

9. To the extent that paragraph 9 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 9 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied. To the extent that paragraph 9 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied. GE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that the Northern District of California is the proper venue for this case, and on such basis the allegation is denied.

10. To the extent that paragraph 10 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 10 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied. To the extent that paragraph 10 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied. To the extent that

paragraph 10 of the complaint consists of allegations of fact as to GE, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied.

11. To the extent that paragraph 11 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are denied. GE admits that, in the past, it manufactured, distributed, supplied and sold certain products which contained some quantity of asbestos and/or had component parts which may have contained some quantity of asbestos, during a time period which may or may not be relevant to this case. Except to the extent admitted, GE denies all other allegations of fact as to GE in paragraph 11 of the complaint.

12. To the extent that paragraph 12 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 12 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

13. To the extent that paragraph 13 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 13 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

14. To the extent that paragraph 14 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

of the allegations of paragraph 14, and on such basis the allegations are denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are denied. To the extent that paragraph 14 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

15. To the extent that paragraph 15 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 15 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are denied. To the extent that paragraph 15 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

16. To the extent that paragraph 16 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and on such basis the allegations are denied. To the extent that paragraph 16 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16, and on such basis the allegations are denied. To the extent that paragraph 16 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

17. GE admits that, over time, inhalation or ingestion of asbestos fibers can cause lung disease and cancer. Except to the extent admitted, GE denies all allegations of paragraph 17.

18. To the extent that paragraph 18 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18, and on such basis the allegations are denied.

19. To the extent that paragraph 19 of the complaint consists of conclusions of law,

GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

20. To the extent that paragraph 20 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

21. To the extent that paragraph 21 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

22. To the extent that paragraph 22 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 22 of the complaint consists of

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

23. To the extent that paragraph 23 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

24. To the extent that paragraph 24 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 24 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

25. GE incorporates by reference as though fully set forth herein paragraphs 1 through 24 of this Answer.

26. To the extent that paragraph 26 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

27. To the extent that paragraph 27 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 27 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to

1  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the
2  allegations of paragraph 27, and on such basis the allegations are denied. To the extent that
3  paragraph 27 of the complaint consists of allegations of fact as to GE, GE denies such
4  allegations.

5      28.    To the extent that paragraph 28 of the complaint consists of allegations of fact as
6  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth
7  of the allegations of paragraph 28, and on such basis the allegations are denied. To the extent
8  that paragraph 28 of the complaint consists of allegations of fact as to Plaintiff, GE lacks
9  sufficient knowledge or information to form a belief as to the truth of the allegations of
10 paragraph 28, and on such basis the allegations are denied. To the extent that paragraph 28 of the
11 complaint consists of allegations of fact as to GE, GE denies such allegations. GE lacks
12 sufficient knowledge or information to respond to the allegation that exposed persons did not
13 know of the substantial danger of using said products and, on that basis, denies it.

14     29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as
15 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth
16 of the allegations of paragraph 29, and on such basis the allegations are denied. To the extent
17 that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such
18 allegations.

19     30.    To the extent that paragraph 30 of the complaint consists of allegations of fact
20 as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the
21 truth of the allegations of paragraph 30, and on such basis the allegations are denied. To the
22 extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such
23 allegations.

24     31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as
25 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth
26 of the allegations of paragraph 31, and on such basis the allegations are denied. To the extent
27 that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such
28 allegations.

32. To the extent that paragraph 32 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32, and on such basis the allegations are denied. To the extent that paragraph 32 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32, and on such basis the allegations are denied. To the extent that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

33. To the extent that paragraph 33 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 33 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33, and on such basis the allegations are denied. To the extent that paragraph 33 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

34. To the extent that paragraph 34 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 34, and on such basis the allegations are denied. To the extent that paragraph 34 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

35. To the extent that paragraph 35 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 35, and on such basis the allegations are denied. To the extent that paragraph 35 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

36. To the extent that paragraph 36 of the complaint consists of allegations of fact as

to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent that paragraph 36 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent that paragraph 36 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

## PRAYER

GE further denies that Plaintiff is entitled to any damages to the extent Plaintiff seeks damages from GE and denies that Plaintiff is entitled to any relief from GE to the extent Plaintiff seeks any relief from GE. Further answering, GE lacks information or knowledge sufficient to respond to each and every allegation in Plaintiff's prayer for judgment and, on that basis, denies them.

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

37. By alleging the Separate and Additional Affirmative Defenses set forth below, GE is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

### FIRST AFFIRMATIVE DEFENSE

38. GE alleges that said complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

39. GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure §§ 335.1, 338, 340.2. and 340(3).

### THIRD AFFIRMATIVE DEFENSE

40. GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by laches.

///

///

**FOURTH AFFIRMATIVE DEFENSE**

41. GE alleges that the causes of action, if any, attempted to be stated in plaintiff's complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

42. GE alleges that Plaintiff and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiff's recovery against GE.

**SIXTH AFFIRMATIVE DEFENSE**

43. GE alleges that Plaintiff was solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Plaintiff was the sole legal cause of the injuries and damages complained of by Plaintiff, if any there were.

**SEVENTH AFFIRMATIVE DEFENSE**

44. GE alleges that Plaintiff assumed the risk of the matters referred to in said complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily accepted the risk.

**EIGHTH AFFIRMATIVE DEFENSE**

45. GE is informed and believes and thereon alleges that Plaintiff misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Plaintiff proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

**NINTH AFFIRMATIVE DEFENSE**

46. GE alleges that if Plaintiff sustained injuries attributable to the use of any product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product.

**TENTH AFFIRMATIVE DEFENSE**

47. GE alleges that if there was any negligence proximately causing the injuries or

damages sustained by Plaintiff, if any, such negligence, if any, was solely that of defendants, firms, persons, or entities other than GE.

### ELEVENTH AFFIRMATIVE DEFENSE

48. GE alleges that there is no privity between Plaintiff and GE.

### TWELFTH AFFIRMATIVE DEFENSE

49. GE alleges that it gave no warranties, either express or implied, to Plaintiff and that neither Plaintiff nor others ever notified GE of any claims of breach of warranty, if any there were.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. GE alleges that said complaint and each cause of action therein is barred with respect to GE by the provisions of the Workers Compensation Act, including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. GE alleges that if there was any negligence proximately causing the injuries or damages, if any, sustained by Plaintiff, such negligence, if any, is collateral negligence, as that term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. GE alleges that at the time of the matters referred to in the complaint, Plaintiff was employed by employers other than GE and was entitled to and received workers' compensation benefits from his employers; and that if there was any negligence proximately causing the injuries and damages sustained by Plaintiff, if any, such negligence, if any, was that of Plaintiff's employers.

### SIXTEENTH AFFIRMATIVE DEFENSE

53. GE alleges that Plaintiff's claims, and each of them, and this action, are preempted by federal statutes and regulations governing work place exposure to asbestos.

### SEVENTEENTH AFFIRMATIVE DEFENSE

54. GE alleges that the products referred to in said complaint, if manufactured by GE at all, were manufactured in strict compliance with reasonably precise United States government

1  specifications, and that the hazards associated with use of the products, if any, were known equally to the federal government and GE. Boyle v. United Technologies Corp., 487 U.S. 500 (1988). Therefore, the complaint and all alleged causes of action are barred by the government contractor defense.

### EIGHTEENTH AFFIRMATIVE DEFENSE

55. GE alleges that to the extent said complaint purports to state a cause of action or basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal.3d 588, it is barred by Plaintiff's failure to join as defendants the manufacturers of a substantial share of the asbestos products market, to which asbestos products Plaintiff was allegedly exposed, thereby causing the damages alleged; and, should it prove impossible to identify the manufacturer of the product that allegedly injured Plaintiff, said purported claim or cause of action is barred by the fault of Plaintiff and his agents in making identification of the manufacturer impossible.

### NINETEENTH AFFIRMATIVE DEFENSE

56. GE alleges that, to the extent said complaint purports to state a cause of action or basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing product, it fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted claims for relief which, if allowed, would contravene GE's constitutional rights to substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of the United States and by Article I, Section 7 of the Constitution of the State of California.

### TWENTIETH AFFIRMATIVE DEFENSE

57. GE alleges that said complaint, to the extent that it seeks exemplary or punitive damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

58. GE alleges that said complaint, to the extent that it seeks punitive or exemplary damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

"excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates GE's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

59. GE alleges that said complaint, and each cause of action therein, fails to state facts sufficient to warrant an award of punitive or exemplary damages against GE.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

60. GE alleges that the "peculiar risk" doctrine is not applicable to the causes of action attempted to be stated and set forth against GE, because the injuries and damages complained of in the complaint, if any there were, arose in the course and scope of Plaintiff's employment by an independent contractor.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

61. GE alleges that at all relevant times, Plaintiff's employers were sophisticated users of asbestos-containing products, and that said employers were aware of the dangers, if any, of asbestos-containing products, and that said employers' negligence in providing the products to their employees in a negligent, careless and reckless manner was a superseding intervening cause of Plaintiff's injuries, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

62. GE alleges that Plaintiff is barred from recovery in that all products produced by GE were in conformity with the existing state-of-the-art, and as a result, these products were not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

63. GE alleges that it had no knowledge, either actual or constructive, and by the application of reasonable, developed human skills and foresight had no reason to know of the propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE to cause or contribute to the creation of medical conditions or circumstances involving alleged

injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or any other illness of any type whatsoever.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

64. GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint for negligence per se are barred by California Labor Code Section 6304.5, and derivative authority.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

65. GE alleges that Plaintiff failed to exercise due diligence to mitigate his losses, injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which otherwise would have been mitigated.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

66. GE alleges that the provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

### THIRTIETH AFFIRMATIVE DEFENSE

67. GE alleges that unforeseen and unforeseeable acts and omissions by others constitute a superseding, intervening cause of Plaintiff's injuries, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

68. GE alleges that each of Plaintiff's claims, and this entire action, are preempted by all applicable federal law relating to railroads, their equipment, and/or alleged injuries and damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49 U.S.C. sections 20701 et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

69. GE alleges that as a result of his injuries, plaintiff has received and will continue to receive workers' compensation benefits from his employers or their insurance carriers, or both, in an amount not yet definitely ascertained and determined; that the total amount of these payments is not yet known to this defendant; that by virtue of the California Labor Code sections 3850 and 3852, and related sections, the employers and their insurance carriers are subrogated to

the rights of the plaintiff for any and all monies plaintiff may receive from this defendant up to the amount paid to plaintiff; that the plaintiff's injuries arose as a direct and proximate result of the negligence and carelessness of plaintiff's employers, and the employers and their insurance carriers are not entitled to reimbursement for monies paid or to be paid to plaintiff; and in the event of any judgment in favor of plaintiff and against this defendant, it should be reduced by the amounts paid or to be paid to plaintiff by the employers or their insurance carriers.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

70. The matters alleged in said complaint are encompassed within and barred by a settlement and release agreement reached by the parties, which operates as a merger and bar against any further litigation on matters raised or potentially raised in connection with the settlement and release.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

71. To the extent that Plaintiff has reached an accord with GE regarding this litigation and this accord was then properly satisfied, the claims, causes of action, theories of liability and matters alleged in said complaint are barred by the doctrine of accord and satisfaction.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

72. GE contends that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised his claims herein, and accordingly, said claims are barred.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

73. The claims asserted in said complaint have been settled, compromised or otherwise discharged and GE is due a set off.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

74. To the extent that Plaintiff has previously filed a dismissal in court dismissing with prejudice all of his asserted claims, causes of action , and other theories of liability against GE, the matters alleged in said complaint are barred by retraxit.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims herein are barred based on the primary right and res judicata



doctrines which prohibit splitting a single cause of action into successive suits, and seeking new recovery for injuries for which the Plaintiff was previously compensated by alleged joint tortfeasors.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

76.    Defendant alleges that at all relevant times Plaintiff was a sophisticated user of asbestos-containing products, that Plaintiff was aware, or should have been aware, of the dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a complete bar to Plaintiff's claims against Defendant as a matter of law. <u>Johnson v. American Standard, Inc., et al.</u> (2005) 34 Cal.Rptr.3d 863.

### **PRAYER**

WHEREFORE, GE prays that Plaintiff take nothing by reason of his complaint as to GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and further relief as this Court may deem just and proper.

DATED: November 20, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:        /S/    Megan E. Gruber
   Megan E. Gruber
   Attorneys for Defendant
   GENERAL ELECTRIC COMPANY

## JURY DEMAND

GE hereby demands a trial by jury of the captioned matter.

DATED: November 20, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:        /S/  Megan E. Gruber
           Megan E. Gruber
           Attorneys for Defendant
           GENERAL ELECTRIC COMPANY


## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: November 20, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:        /S/  Megan E. Gruber
           Megan E. Gruber
           Attorneys for Defendant
           GENERAL ELECTRIC COMPANY