SEDGWICK, DETERT, MORAN & ARNOLD LLP
CHARLES T. SHELDON (Bar No. 155598)
DEREK S. JOHNSON (Bar No. 220988)
MEGAN E. GRUBER (Bar No. 246122)
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
GENERAL ELECTRIC COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN COOKS,<br><br>        Plaintiff,<br><br>    v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>        Defendants. | CASE NO. C 07-5451 EMC<br><br>**GENERAL ELECTRIC COMPANY'S ANSWER TO COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY;**<br><br>**DEMAND FOR JURY TRIAL;**<br><br>**CERTIFICATION OF INTERESTED ENTITIES** |

Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers the Complaint filed on November 06, 2007, by plaintiff Alvin Cooks ("Plaintiff") as follows:

1.      To the extent that paragraph 1 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and on such basis the allegations are denied.

2.      To the extent that paragraph 2 of the complaint consists of allegations of fact as to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on such basis the allegations are denied. To the extent that paragraph 2 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

/ / /

SEDGWICK
DETERT, MORAN & ARNOLD...

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

1  paragraph 2, and on such basis the allegations are denied.  To the extent that paragraph 2 of the

2  complaint consists of allegations of fact as to GE, GE denies such allegations.

3          3.      To the extent that paragraph 3 of the complaint consists of allegations of fact as to

4  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5  allegations of paragraph 3, and on such basis the allegations are denied.  To the extent that

6  paragraph 3 of the complaint consists of allegations of fact as to other defendants, GE lacks

7  sufficient knowledge or information to form a belief as to the truth of the allegations of

8  paragraph 3, and on such basis the allegations are denied.  To the extent that paragraph 3 of the

9  complaint consists of allegations of fact as to GE, GE denies such allegations.

10         4.      To the extent that paragraph 4 of the complaint consists of allegations of fact as to

11 Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

12 allegations of paragraph 4, and on such basis the allegations are denied.  To the extent that

13 paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

14 sufficient knowledge or information to form a belief as to the truth of the allegations of

15 paragraph 4, and on such basis the allegations are denied.  To the extent that paragraph 4 of the

16 complaint consists of allegations of fact as to GE, GE denies such allegations.

17         5.      To the extent that paragraph 5 of the complaint consists of allegations of fact as to

18 Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

19 allegations of paragraph 5, and on such basis the allegations are denied.  To the extent that

20 paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE lacks

21 sufficient knowledge or information to form a belief as to the truth of the allegations of

22 paragraph 5, and on such basis the allegations are denied.

23         6.      Paragraph 5 of the complaint contains no allegations to which GE is required to

24 respond.

25         7.      To the extent that paragraph 7 of the complaint consists of conclusions of law, GE

26 is not required to respond to it.  To the extent that paragraph 7 of the complaint consists of

27 allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

28

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

GE's ANSWER TO COMPLAINT        CASE NO. C 07-5451 EMC

1  a belief as to the truth of the allegations of paragraph 7, and on such basis the allegations are

2  denied.

3        8.  To the extent that paragraph 8 of the complaint consists of allegations of fact as to

4  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

5  allegations of paragraph 8, and on such basis the allegations are denied.  To the extent that

6  paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE  lacks

7  sufficient knowledge or information to form a belief as to the truth of the allegations of

8  paragraph 8, and on such basis the allegations are denied.  GE denies that it is a corporation

9  incorporated under the laws of Connecticut.  GE lacks sufficient knowledge or information to

10  form a belief as to the truth of the allegation that this court has original jurisdiction under 25

11  USC § 1332, and on such basis the allegation is denied.

12        9.  To the extent that paragraph 9 of the complaint consists of conclusions of law, GE

13  is not required to respond to it.  To the extent that paragraph 9 of the complaint consists of

14  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

15  a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are

16  denied.  To the extent that paragraph 9 of the complaint consists of allegations of fact as to

17  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18  allegations of paragraph 9, and on such basis the allegations are denied.  GE lacks sufficient

19  knowledge or information to form a belief as to the truth of Plaintiff's allegation that the

20  Northern District of California is the proper venue for this case, and on such basis the allegation

21  is denied.

22       10.  To the extent that paragraph 10 of the complaint consists of conclusions of law,

23  GE is not required to respond to it.  To the extent that paragraph 10 of the complaint consists of

24  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

25  a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are

26  denied.  To the extent that paragraph 10 of the complaint consists of allegations of fact as to

27  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

28  allegations of paragraph 10, and on such basis the allegations are denied.  To the extent that

SEDGWICK
DETERT, MORAN & ARNOLD

Sedgwick
Detert, Moran & Arnold, LLP

SF/1465465v1

-3-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1   paragraph 10 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

2   knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and

3   on such basis the allegations are denied.

4         11.    To the extent that paragraph 11 of the complaint consists of allegations of fact as

5   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

6   of the allegations of paragraph 11, and on such basis the allegations are denied. GE admits that,

7   in the past, it manufactured, distributed, supplied and sold certain products which contained

8   some quantity of asbestos and/or had component parts which may have contained some quantity

9   of asbestos, during a time period which may or may not be relevant to this case. Except to the

10  extent admitted, GE denies all other allegations of fact as to GE in paragraph 11 of the

11  complaint.

12        12.    To the extent that paragraph 12 of the complaint consists of conclusions of law,

13  GE is not required to respond to it. To the extent that paragraph 12 of the complaint consists of

14  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

15  a belief as to the truth of the allegations of paragraph 12, and on such basis the allegations are

16  denied. To the extent that paragraph 12 of the complaint consists of allegations of fact as to

17  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

18  allegations of paragraph 12, and on such basis the allegations are denied. To the extent that

19  paragraph 12 of the complaint consists of allegations of fact as to GE, GE denies such

20  allegations.

21        13.    To the extent that paragraph 13 of the complaint consists of conclusions of law,

22  GE is not required to respond to it. To the extent that paragraph 13 of the complaint consists of

23  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

24  a belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are

25  denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to GE,

26  GE denies such allegations.

27        14.    To the extent that paragraph 14 of the complaint consists of allegations of fact as

28  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP

SF/1465465v1

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1  of the allegations of paragraph 14, and on such basis the allegations are denied.  To the extent

2  that paragraph 14 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

3  sufficient knowledge or information to form a belief as to the truth of the allegations of

4  paragraph 14, and on such basis the allegations are denied.  To the extent that paragraph 14 of the

5  complaint consists of allegations of fact as to GE, GE denies such allegations.

6      15.    To the extent that paragraph 15 of the complaint consists of conclusions of law,

7  GE is not required to respond to it.  To the extent that paragraph 15 of the complaint consists of

8  allegations of fact as to other defendants, GE  lacks sufficient knowledge or information to form

9  a belief as to the truth of the allegations of paragraph 15, and on such basis the allegations are

10  denied.  To the extent that paragraph 15 of the complaint consists of allegations of fact as to

11  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

12  allegations of paragraph 15, and on such basis the allegations are denied.  To the extent that

13  paragraph 15 of the complaint consists of allegations of fact as to GE, GE denies such

14  allegations.

15      16.    To the extent that paragraph 16 of the complaint consists of allegations of fact as

16  to other defendants, GE  lacks sufficient knowledge or information to form a belief as to the truth

17  of the allegations of paragraph 16, and on such basis the allegations are denied.  To the extent

18  that paragraph 16 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

19  sufficient knowledge or information to form a belief as to the truth of the allegations of

20  paragraph 16, and on such basis the allegations are denied.  To the extent that paragraph 16 of the

21  complaint consists of allegations of fact as to GE, GE denies such allegations.

22      17.    GE admits that, over time, inhalation or ingestion of asbestos fibers can

23  cause lung disease and cancer.  Except to the extent admitted, GE denies all allegations of

24  paragraph 17.

25      18.    To the extent that paragraph 18 of the complaint consists of allegations of fact as

26  to Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

27  allegations of paragraph 18, and on such basis the allegations are denied.

28      19.    To the extent that paragraph 19 of the complaint consists of conclusions of law,

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1465465v1

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1  GE is not required to respond to it. To the extent that paragraph 19 of the complaint consists of

2  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

3  a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are

4  denied. To the extent that paragraph 19 of the complaint consists of allegations of fact as to

5  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

6  allegations of paragraph 19, and on such basis the allegations are denied. To the extent that

7  paragraph 19 of the complaint consists of allegations of fact as to GE, GE denies such

8  allegations.

9        20.    To the extent that paragraph 20 of the complaint consists of conclusions of law,

10  GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of

11  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

12  a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are

13  denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to

14  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

15  allegations of paragraph 20, and on such basis the allegations are denied. To the extent that

16  paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such

17  allegations.

18        21.    To the extent that paragraph 21 of the complaint consists of conclusions of law,

19  GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of

20  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

21  a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are

22  denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to

23  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

24  allegations of paragraph 21, and on such basis the allegations are denied. To the extent that

25  paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such

26  allegations.

27        22.    To the extent that paragraph 22 of the complaint consists of conclusions of law,

28  GE is not required to respond to it. To the extent that paragraph 22 of the complaint consists of

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-6-

GE's ANSWER TO COMPLAINT        CASE NO. C 07-5451 EMC

1   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

2   a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are

3   denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to GE,

4   GE denies such allegations.

5       23.    To the extent that paragraph 23 of the complaint consists of conclusions of law,

6   GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of

7   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

8   a belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

9   denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to GE,

10  GE denies such allegations.

11      24.    To the extent that paragraph 24 of the complaint consists of conclusions of law,

12  GE is not required to respond to it. To the extent that paragraph 24 of the complaint consists of

13  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

14  a belief as to the truth of the allegations of paragraph 24, and on such basis the allegations are

15  denied. To the extent that paragraph 24 of the complaint consists of allegations of fact as to GE,

16  GE denies such allegations.

17      25.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

18  24 of this Answer.

19      26.    To the extent that paragraph 26 of the complaint consists of allegations of fact as

20  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

21  of the allegations of paragraph 26, and on such basis the allegations are denied. To the extent

22  that paragraph 26 of the complaint consists of allegations of fact as to GE, GE denies such

23  allegations.

24      27.    To the extent that paragraph 27 of the complaint consists of conclusions of law,

25  GE is not required to respond to it. To the extent that paragraph 27 of the complaint consists of

26  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

27  a belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are

28  denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

-7-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1  Plaintiff, GE lacks sufficient knowledge or information to form a belief as to the truth of the

2  allegations of paragraph 27, and on such basis the allegations are denied.  To the extent that

3  paragraph 27 of the complaint consists of allegations of fact as to GE, GE denies such

4  allegations.

5       28.    To the extent that paragraph 28 of the complaint consists of allegations of fact as

6  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

7  of the allegations of paragraph 28, and on such basis the allegations are denied.  To the extent

8  that paragraph 28 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

9  sufficient knowledge or information to form a belief as to the truth of the allegations of

10  paragraph 28, and on such basis the allegations are denied.  To the extent that paragraph 28 of the

11  complaint consists of allegations of fact as to GE, GE denies such allegations.  GE lacks

12  sufficient knowledge or information to respond to the allegation that exposed persons did not

13  know of the substantial danger of using said products and, on that basis, denies it.

14       29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 29, and on such basis the allegations are denied.  To the extent

17  that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19       30.    To the extent that paragraph 30 of the complaint consists of allegations of fact

20  as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the

21  truth of the allegations of paragraph 30, and on such basis the allegations are denied.  To the

22  extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

23  allegations.

24       31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

25  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

26  of the allegations of paragraph 31, and on such basis the allegations are denied.  To the extent

27  that paragraph 31 of the complaint consists of allegations of fact as to GE, GE denies such

28  allegations.

SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

-8-

GE's ANSWER TO COMPLAINT    CASE NO. C 07-5451 EMC

1      32.    To the extent that paragraph 32 of the complaint consists of allegations of fact as

2  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

3  of the allegations of paragraph 32, and on such basis the allegations are denied.  To the extent

4  that paragraph 32 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

5  sufficient knowledge or information to form a belief as to the truth of the allegations of

6  paragraph 32, and on such basis the allegations are denied.  To the extent that paragraph 32 of the

7  complaint consists of allegations of fact as to GE, GE denies such allegations.

8      33.    To the extent that paragraph 33 of the complaint consists of conclusions of law,

9  GE is not required to respond to it.  To the extent that paragraph 33 of the complaint consists of

10  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form

11  a belief as to the truth of the allegations of paragraph 33, and on such basis the allegations are

12  denied.  To the extent that paragraph 33 of the complaint consists of allegations of fact as to GE,

13  GE denies such allegations.

14      34.    To the extent that paragraph 34 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 34, and on such basis the allegations are denied.  To the extent

17  that paragraph 34 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

18  sufficient knowledge or information to form a belief as to the truth of the allegations of

19  paragraph 34, and on such basis the allegations are denied.  To the extent that paragraph 34 of the

20  complaint consists of allegations of fact as to GE, GE denies such allegations.

21      35.    To the extent that paragraph 35 of the complaint consists of allegations of fact as

22  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

23  of the allegations of paragraph 35, and on such basis the allegations are denied.  To the extent

24  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

25  sufficient knowledge or information to form a belief as to the truth of the allegations of

26  paragraph 35, and on such basis the allegations are denied.  To the extent that paragraph 35 of the

27  complaint consists of allegations of fact as to GE, GE denies such allegations.

28      36.    To the extent that paragraph 36 of the complaint consists of allegations of fact as

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

GE's ANSWER TO COMPLAINT    CASE NO. C 07-5451 EMC

1    to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

2    of the allegations of paragraph 36, and on such basis the allegations are denied. To the extent

3    that paragraph 36 of the complaint consists of allegations of fact as to Plaintiff, GE lacks

4    sufficient knowledge or information to form a belief as to the truth of the allegations of

5    paragraph 36, and on such basis the allegations are denied. To the extent that paragraph 36 of the

6    complaint consists of allegations of fact as to GE, GE denies such allegations.

7                                    **PRAYER**

8        GE further denies that Plaintiff is entitled to any damages to the extent Plaintiff seeks

9    damages from GE and denies that Plaintiff is entitled to any relief from GE to the extent Plaintiff

10    seeks any relief from GE. Further answering, GE lacks information or knowledge sufficient to

11    respond to each and every allegation in Plaintiff's prayer for judgment and, on that basis, denies

12    them.

13          **SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES**

14        37.     By alleging the Separate and Additional Affirmative Defenses set forth below, GE

15    is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on

16    any of these issues.

17                      **FIRST AFFIRMATIVE DEFENSE**

18        38.     GE alleges that said complaint and each cause of action therein fails to state facts

19    sufficient to constitute a cause of action against Defendant.

20                   **SECOND AFFIRMATIVE DEFENSE**

21        39.     GE alleges that the causes of action, if any, attempted to be stated and set forth in

22    said complaint are barred by the applicable statutes of limitations, including, but not limited to,

23    the provisions of Code of Civil Procedure §§ 335.1, 338, 340.2. and 340(3).

24                    **THIRD AFFIRMATIVE DEFENSE**

25        40.     GE alleges that the causes of action, if any, attempted to be stated and set forth in

26    said complaint are barred by laches.

27    ///

28    ///

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

GE's ANSWER TO COMPLAINT        CASE NO. C 07-5451 EMC

## FOURTH AFFIRMATIVE DEFENSE

41.    GE alleges that the causes of action, if any, attempted to be stated in plaintiff's complaint are barred in whole or in part by the equitable doctrine of waiver and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

42.    GE alleges that Plaintiff and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiff's recovery against GE.

## SIXTH AFFIRMATIVE DEFENSE

43.    GE alleges that Plaintiff was solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Plaintiff was the sole legal cause of the injuries and damages complained of by Plaintiff, if any there were.

## SEVENTH AFFIRMATIVE DEFENSE

44.    GE alleges that Plaintiff assumed the risk of the matters referred to in said complaint, that Plaintiff knew and appreciated the nature of the risk, and that Plaintiff voluntarily accepted the risk.

## EIGHTH AFFIRMATIVE DEFENSE

45.    GE is informed and believes and thereon alleges that Plaintiff misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Plaintiff proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

## NINTH AFFIRMATIVE DEFENSE

46.    GE alleges that if Plaintiff sustained injuries attributable to the use of any product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product.

## TENTH AFFIRMATIVE DEFENSE

47.    GE alleges that if there was any negligence proximately causing the injuries or

GE's ANSWER TO COMPLAINT    CASE NO. C 07-5451 EMC

SF/1465465v1

1  damages sustained by Plaintiff, if any, such negligence, if any, was solely that of defendants,

2  firms, persons, or entities other than GE.

3  <div align="center">**ELEVENTH AFFIRMATIVE DEFENSE**</div>

4      48.    GE alleges that there is no privity between Plaintiff and GE.

5  <div align="center">**TWELFTH AFFIRMATIVE DEFENSE**</div>

6      49.    GE alleges that it gave no warranties, either express or implied, to Plaintiff and

7  that neither Plaintiff nor others ever notified GE of any claims of breach of warranty, if any there

8  were.

9  <div align="center">**THIRTEENTH AFFIRMATIVE DEFENSE**</div>

10     50.    GE alleges that said complaint and each cause of action therein is barred with

11 respect to GE by the provisions of the Workers Compensation Act, including but not limited to

12 Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

13 <div align="center">**FOURTEENTH AFFIRMATIVE DEFENSE**</div>

14     51.    GE alleges that if there was any negligence proximately causing the injuries or

15 damages, if any, sustained by Plaintiff, such negligence, if any, is collateral negligence, as that

16 term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

17 <div align="center">**FIFTEENTH AFFIRMATIVE DEFENSE**</div>

18     52.    GE alleges that at the time of the matters referred to in the complaint, Plaintiff

19 was employed by employers other than GE and was entitled to and received workers'

20 compensation benefits from his employers; and that if there was any negligence proximately

21 causing the injuries and damages sustained by Plaintiff, if any, such negligence, if any, was that

22 of Plaintiff's employers.

23 <div align="center">**SIXTEENTH AFFIRMATIVE DEFENSE**</div>

24     53.    GE alleges that Plaintiff's claims, and each of them, and this action, are

25 preempted by federal statutes and regulations governing work place exposure to asbestos.

26 <div align="center">**SEVENTEENTH AFFIRMATIVE DEFENSE**</div>

27     54.    GE alleges that the products referred to in said complaint, if manufactured by GE

28 at all, were manufactured in strict compliance with reasonably precise United States government

**SEDGWICK**
DETERT, MORAN & ARNOLD...

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

1  specifications, and that the hazards associated with use of the products, if any, were known

2  equally to the federal government and GE.  Boyle v. United Technologies Corp., 487 U.S. 500

3  (1988).  Therefore, the complaint and all alleged causes of action are barred by the government

4  contractor defense.

5  <center>**EIGHTEENTH AFFIRMATIVE DEFENSE**</center>

6       55.    GE alleges that to the extent said complaint purports to state a cause of action or

7  basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal.3d 588, it is barred by

8  Plaintiff's failure to join as defendants the manufacturers of a substantial share of the asbestos

9  products market, to which asbestos products Plaintiff was allegedly exposed, thereby causing the

10  damages alleged; and, should it prove impossible to identify the manufacturer of the product that

11  allegedly injured Plaintiff, said purported claim or cause of action is barred by the fault of

12  Plaintiff and his agents in making identification of the manufacturer impossible.

13  <center>**NINETEENTH AFFIRMATIVE DEFENSE**</center>

14       56.    GE alleges that, to the extent said complaint purports to state a cause of action or

15  basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing

16  product, it fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted

17  claims for relief which, if allowed, would contravene GE's constitutional rights to substantive

18  due process of law, as preserved by the Fourteenth Amendment to the Constitution of the United

19  States and by Article I, Section 7 of the Constitution of the State of California.

20  <center>**TWENTIETH AFFIRMATIVE DEFENSE**</center>

21       57.    GE alleges that said complaint, to the extent that it seeks exemplary or punitive

22  damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due

23  process under the Fourteenth Amendment of the United States Constitution, and Article I,

24  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

25  action upon which either punitive or exemplary damages can be awarded.

26  <center>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</center>

27       58.    GE alleges that said complaint, to the extent that it seeks punitive or exemplary

28  damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1465465v1

<center>-13-</center>

1   "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

2   Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

3   substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

4   Constitution and the Constitution of the State of California, and therefore fails to state a cause of

5   action supporting the punitive or exemplary damages claimed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

7   59.   GE alleges that said complaint, and each cause of action therein, fails to state facts

8   sufficient to warrant an award of punitive or exemplary damages against GE.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

10   60.   GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

11   action attempted to be stated and set forth against GE, because the injuries and damages

12   complained of in the complaint, if any there were, arose in the course and scope of Plaintiff's

13   employment by an independent contractor.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

15   61.   GE alleges that at all relevant times, Plaintiff's employers were sophisticated

16   users of asbestos-containing products, and that said employers were aware of the dangers, if any,

17   of asbestos-containing products, and that said employers' negligence in providing the products to

18   their employees in a negligent, careless and reckless manner was a superseding intervening cause

19   of Plaintiff's injuries, if any.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

21   62.   GE alleges that Plaintiff is barred from recovery in that all products produced

22   by GE were in conformity with the existing state-of-the-art, and as a result, these products were

23   not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

25   63.   GE alleges that it had no knowledge, either actual or constructive, and by the

26   application of reasonable, developed human skills and foresight had no reason to know of the

27   propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

28   to cause or contribute to the creation of medical conditions or circumstances involving alleged



SEDGWICK
DETERT, MORAN & ARNOLD LLP

Sedgwick
Detert, Moran & Arnold, LLP
SF/1465465v1

-14-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1 injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

2 any other illness of any type whatsoever.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4    64.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

5 said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

6 derivative authority.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8    65.    GE alleges that Plaintiff failed to exercise due diligence to mitigate his losses,

9 injuries or damages, if any, and, accordingly, the amount of damages to which Plaintiff is

10 entitled, if any, should be reduced by the amount of damages which otherwise would have been

11 mitigated.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

13    66.    GE alleges that the provisions of California Civil Code Section 1431.2 are

14 applicable to the Complaint and each cause of action therein.

### THIRTIETH AFFIRMATIVE DEFENSE

16    67.    GE alleges that unforeseen and unforeseeable acts and omissions by others

17 constitute a superseding, intervening cause of Plaintiff's injuries, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

19    68.    GE alleges that each of Plaintiff's claims, and this entire action, are preempted by

20 all applicable federal law relating to railroads, their equipment, and/or alleged injuries and

21 damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49

22 U.S.C. sections 20701 et seq.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

24    69.    GE alleges that as a result of his injuries, plaintiff has received and will continue

25 to receive workers' compensation benefits from his employers or their insurance carriers, or both,

26 in an amount not yet definitely ascertained and determined; that the total amount of these

27 payments is not yet known to this defendant; that by virtue of the California Labor Code sections

28 3850 and 3852, and related sections, the employers and their insurance carriers are subrogated to

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1465465v1

-15-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1    the rights of the plaintiff for any and all monies plaintiff may receive from this defendant up to

2    the amount paid to plaintiff; that the plaintiff's injuries arose as a direct and proximate result of

3    the negligence and carelessness of plaintiff's employers, and the employers and their insurance

4    carriers are not entitled to reimbursement for monies paid or to be paid to plaintiff; and in the

5    event of any judgment in favor of plaintiff and against this defendant, it should be reduced by the

6    amounts paid or to be paid to plaintiff by the employers or their insurance carriers.

7                          **THIRTY-THIRD AFFIRMATIVE DEFENSE**

8           70.    The matters alleged in said complaint are encompassed within and barred by a

9    settlement and release agreement reached by the parties, which operates as a merger and bar

10   against any further litigation on matters raised or potentially raised in connection with the

11   settlement and release.

12                         **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

13          71.    To the extent that Plaintiff has reached an accord with GE regarding this litigation

14   and this accord was then properly satisfied, the claims, causes of action, theories of liability and

15   matters alleged in said complaint are barred by the doctrine of accord and satisfaction.

16                          **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

17          72.    GE contends that Plaintiff has released, settled, entered into an accord and

18   satisfaction, or otherwise compromised his claims herein, and accordingly, said claims are

19   barred.

20                          **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

21          73.    The claims asserted in said complaint have been settled, compromised or

22   otherwise discharged and GE is due a set off.

23                        **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

24          74.    To the extent that Plaintiff has previously filed a dismissal in court dismissing

25   with prejudice all of his asserted claims, causes of action , and other theories of liability against

26   GE, the matters alleged in said complaint are barred by retraxit.

27                         **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

28          75.    Plaintiff's claims herein are barred based on the primary right and res judicata

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

**Sedgwick**
Detert, Moran & Arnold, LLP

SF/1465465v1

-16-

GE's ANSWER TO COMPLAINT                              CASE NO. C 07-5451 EMC

1   doctrines which prohibit splitting a single cause of action into successive suits, and seeking new

2   recovery for injuries for which the Plaintiff was previously compensated by alleged joint

3   tortfeasors.

4                        **THIRTY-NINTH AFFIRMATIVE DEFENSE**

5           76.     Defendant alleges that at all relevant times Plaintiff was a sophisticated user of

6   asbestos-containing products, that Plaintiff was aware, or should have been aware, of the

7   dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

8   complete bar to Plaintiff's claims against Defendant as a matter of law.  Johnson v. American

9   Standard, Inc., et al. (2005) 34 Cal.Rptr.3d 863.

10                                  **PRAYER**

11          WHEREFORE, GE prays that Plaintiff take nothing by reason of his complaint as to GE

12  and that GE has judgment for its costs of suit and attorneys' fees and for such other and further

13  relief as this Court may deem just and proper.

14

15  DATED: November 20, 2007           SEDGWICK, DETERT, MORAN & ARNOLD LLP

16

17

18                              By:_____/S/___Megan E. Gruber_____
                                     Megan E. Gruber
19                                   Attorneys for Defendant
                                     GENERAL ELECTRIC COMPANY
20

21

22

23

24

25

26

27

**SEDGWICK**
DETERT MORAN & ARNOLD LLP
28

**Sedgwick**
Detert, Moran & Arnold, LLP
SF/1465465v1

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

1

## JURY DEMAND

2      GE hereby demands a trial by jury of the captioned matter.

3

4      DATED: November 20, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

5

6
                                        By:_____/S/  Megan E. Gruber_____
7                                            Megan E. Gruber
                                             Attorneys for Defendant
8                                            GENERAL ELECTRIC COMPANY

9

10      ## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

11          Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

12      the named parties, there is no such interest to report.

13

14      DATED: November 20, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

15

16
                                        By:_____/S/   Megan E. Gruber_____
17                                           Megan E. Gruber
                                             Attorneys for Defendant
18                                           GENERAL ELECTRIC COMPANY

19

20

21

22

23

24

25

26

27

28

**SEDGWICK**
Detert, Moran & Arnold, LLP
SF/1465465v1

-18-

GE's ANSWER TO COMPLAINT          CASE NO. C 07-5451 EMC

