GUY P. GLAZIER, SBN 162628
LAURA PATRICIA YEE, SBN 163944
BRIAN T. CLARK, SBN 184003
KNOTT & GLAZIER LLP
201 Spear Street, Suite 1520
San Francisco, California 94105
Telephone: (415) 356-1100
Facsimile: (415) 356-1105
Email:     clark@knottglazier.com

Attorneys for Defendant
LOCKHEED MARTIN
CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALVIN COOKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY, LOCKHEED MARTIN CORPORATION, AND MCDONNELL DOUGLAS CORPORATION<br><br>　　　　Defendants. | CASE NO. C 07 5451 EMC<br><br>**ANSWER OF DEFENDANT LOCKHEED MARTIN CORPORATION TO COMPLAINT OF PLAINTIFF ALVIN COOKS** |

## ANSWER TO COMPLAINT

Defendant Lockheed Martin Corporation ("Lockheed Martin") hereby answers for itself alone and no others the Complaint filed on October 25, 2007, by plaintiff Alvin Cooks as follows:

## THE PARTIES

1.　In response to Paragraph 1 of the Complaint, Lockheed Martin lacks information or knowledge sufficient to respond to the allegations and, on that basis, denies them.

2.　In response to Paragraph 2 of the Complaint, Lockheed Martin lacks information or knowledge sufficient to respond to the allegations and, on that basis, denies them.

3. In response to Paragraph 3 of the Complaint, Lockheed Martin lacks information or knowledge sufficient to respond to the allegations and, on that basis, denies them.

4. In response to Paragraph 4 of the Complaint, Lockheed Martin denies each and every allegation as to Lockheed Martin and lacks information or knowledge sufficient to respond to the allegations as to all other defendants and, on that basis, denies them.

5. In response to Paragraph 5 of the Complaint, Lockheed Martin denies each and every allegation as to Lockheed Martin.

6. Paragraph 6 of the Complaint does not require a responsive pleading. To the extent a response is required, Lockheed Martin denies each and every allegation contained therein as to Lockheed Martin.

7. In response to Paragraph 7 of the Complaint, Lockheed Martin lacks information or knowledge sufficient to respond to the allegations and, on that basis, denies them.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8. In response to Paragraph 8 of the Complaint, Lockheed Martin admits that it is a corporation incorporated under the laws of, and having its principal place of business in Maryland. Lockheed Martin also admits that this Court has original jurisdiction under 25 USC § 1332. For all other allegations in this paragraph, Lockheed Martin lacks information or knowledge sufficient to respond to such other allegations and, on that basis, denies them.

9. In response to Paragraph 9 of the Complaint, Lockheed Martin admits that venue is proper in the Northern District of California, assignment to the San Francisco Division of said district is proper and that Lockheed Martin is subject to personal jurisdiction in this District but lacks information or knowledge sufficient to respond to all other allegations and, on that basis, denies them.

///

## FIRST CAUSE OF ACTION

10. In response to Paragraph 10, Lockheed Martin admits that it is the successor to Lockheed Corporation, Lockheed Missiles & Space Co., Inc., Lockheed Aircraft Corporation, and Lockheed Propulsion Company. Lockheed Martin lacks information or knowledge sufficient to respond to all other allegations in the paragraph and, on that basis, denies them.

11. In response to Paragraph 11, Lockheed Martin denies each and every allegation as to Lockheed Martin.

12. In response to Paragraph 12, Lockheed Martin denies each and every allegation as to Lockheed Martin.

13. In response to Paragraph 13, Lockheed Martin denies each and every allegation as to Lockheed Martin.

14. In response to Paragraph 14, Lockheed Martin denies each and every allegation as to Lockheed Martin.

15. In response to Paragraph 15, Lockheed Martin denies each and every allegation as to Lockheed Martin.

16. In response to Paragraph 16, Lockheed Martin denies each and every allegation as to Lockheed Martin.

17. In response to Paragraph 17, Lockheed Martin lacks information or knowledge sufficient to respond to the allegations and, on that basis, denies them.

18. In response to Paragraph 18, Lockheed Martin lacks information or knowledge sufficient to respond to the allegations and, on that basis, denies them.

19. In response to Paragraph 19, Lockheed Martin denies each and every allegation as to Lockheed Martin.

20. In response to Paragraph 20, Lockheed Martin denies each and every allegation as to Lockheed Martin.

21. In response to Paragraph 21, Lockheed Martin denies each and every allegation as to Lockheed Martin.

22. In response to Paragraph 22, Lockheed Martin denies each and every allegation as to Lockheed Martin.

23. In response to Paragraph 23, Lockheed Martin denies each and every allegation as to Lockheed Martin.

24. In response to Paragraph 24, Lockheed Martin denies each and every allegation as to Lockheed Martin.

## SECOND CAUSE OF ACTION

25. In response to Paragraph 25, Lockheed Martin repeats and incorporates its responses, as though fully set forth herein, to the allegations contained in each paragraph of the First Cause of Action.

26. In response to Paragraph 26, Lockheed Martin denies each and every allegation as to Lockheed Martin.

27. In response to Paragraph 27, Lockheed Martin denies each and every allegation as to Lockheed Martin.

28. In response to Paragraph 28, Lockheed Martin lacks information or knowledge sufficient to respond to the allegation that exposed persons did not know of the substantial danger of using said products and, on that basis, denies it. As to all other allegations contained in said paragraph, Lockheed Martin denies them as to Lockheed Martin.

29. In response to Paragraph 29, Lockheed Martin denies each and every allegation as to Lockheed Martin.

30. In response to Paragraph 30, Lockheed Martin denies each and every allegation as to Lockheed Martin.

31. In response to Paragraph 31, Lockheed Martin denies each and every allegation as to Lockheed Martin.

32. In response to Paragraph 32, Lockheed Martin denies each and every allegation as to Lockheed Martin.

///

33. In response to Paragraph 33, Lockheed Martin denies each and every allegation as to Lockheed Martin.

34. Plaintiff cannot identify precisely which asbestos or asbestos-containing products caused the injuries complained of in his complaint. In response to all other allegations in Paragraph 34, Lockheed Martin denies each and every allegation as to Lockheed Martin.

35. In response to Paragraph 35, Lockheed Martin denies each and every allegation as to Lockheed Martin.

36. In response to Paragraph 36, Lockheed Martin denies each and every allegation as to Lockheed Martin.

## PRAYER

Lockheed Martin further denies that plaintiff is entitled to any damages to the extent plaintiff seeks damages from Lockheed Martin and denies that plaintiff is entitled to any relief from Lockheed Martin to the extent Plaintiff seeks any relief from Lockheed Martin; further answering, Lockheed Martin lacks information or knowledge sufficient to respond to each and every allegation in plaintiff's prayer for judgment and, on that basis, denies them.

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendant Lockheed Martin is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on any of these issues.

### FIRST SEPARATE AND ADDITIONAL DEFENSE
(Contributory Negligence)

37. Contributory negligence of plaintiff, under the circumstances then and there existing, which directly and proximately caused and contributed to the injuries and damages claimed. By reason of said contributory negligence, the action of plaintiff herein is barred, or, in the alternative, the recovery of plaintiff herein shall be

1  diminished by an amount proportionately equal to the percentage of negligence of
2  plaintiff, which contributed to said injuries and damages.

### SECOND SEPARATE AND ADDITIONAL DEFENSE
(Assumption of Risk)

5  38.  Assumption of risk by plaintiff of the open, obvious and apparent risks and hazards, if any, incident or related to the conditions and circumstances of the alleged exposures described in the Complaint, which directly and proximately caused and contributed to the injuries and damages claimed herein. By reason of said assumption of risk, the action of plaintiff is barred, or, in the alternative, the recovery of plaintiff herein shall be barred or diminished as appropriate, by an amount proportionately equal to the percentage of the assumption of risk by plaintiff which contributed to said injuries and damages.

### THIRD SEPARATE AND ADDITIONAL DEFENSE
(Failure to State a Claim upon Which Relief May Be Granted)

39.  The Complaint and each purported cause of action contained therein fail to state a claim or cause of action against Lockheed Martin upon which relief can be granted.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE
(Insufficiency of Service of Process)

40.  The Complaint and each purported cause of action contained therein fail to comply with procedural and legal requirements of service of process upon Lockheed Martin. Recovery sought by this Complaint is therefore barred.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE
(Insufficiency of Process)

41.  The Complaint and each purported cause of action contained therein fail to comply with procedural and legal requirements which are conditions precedent to the naming of Lockheed Martin, service of Lockheed Martin, and maintenance of this

action against Lockheed Martin. Recovery sought by this Complaint is therefore barred.

### SIXTH SEPARATE AND ADDITIONAL DEFENSE
(Statutes of Limitation)

42. The Complaint and each purported cause of action contained therein are barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure Sections 340.2 subdivisions (a)(1), (a)(2) and (b), 318, 337.1, 337.15, 338(a), 338(d), 339, 340, 340(3), 342, 343, 361 and California Commercial Code Sections 1201(25)(c), 2510, 2513(1) and (3), 2601, 2605(1)(a) and (b), 2607, 2607(3)(a), 2715(2)(a), 2719(3) and 2725.

### SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(Necessary Parties)

43. Plaintiff has failed to properly join all parties which are necessary for just adjudication of this action in accordance with the Federal Rules of Civil Procedure.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE
(Intervening Acts)

44. If Lockheed Martin is negligent, or breached any duty to plaintiff, or if any product manufactured, designed, sold and/or installed by it contained any defect which was a direct and proximate cause of the injuries and damages alleged in the Complaint, which allegations Lockheed Martin specifically denies, then, in that event, this action is barred by reason of the intervening acts or omissions of other persons which directly and proximately cause the injuries and damages alleged in the Complaint.

### NINTH SEPARATE AND ADDITIONAL DEFENSE
(No Causation)

45. Failure of plaintiff to use available protective equipment, which failure directly and proximately caused and contributed to all or part of the injuries and

damages claimed by plaintiff herein, and which failure bars the right of plaintiff to recover herein for any such injuries or damages.

### TENTH SEPARATE AND ADDITIONAL DEFENSE
(Laches)

46. Plaintiff knew, or should have known, of the matters alleged herein for an unreasonably long period of time prior to the commencement of this litigation and did not give notice to Lockheed Martin and this action is therefore barred by the doctrine of laches, California Commercial Code Section 2607 and by similar provisions of statutory and common law.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
(Waiver/Estoppel)

47. Upon information and belief, plaintiff has waived and/or is estopped from asserting each purported cause of action in the Complaint.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE
(Punitive Damages)

48. Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle plaintiff to an award of punitive damages against Lockheed Martin.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
(Immunity)

49. Lockheed Martin is immune from liability for any conduct performed in conformance with government specifications or private contractual specifications pursuant to the doctrine and rules embodied in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988), and any other relevant immunity established by statute, regulation, or otherwise.

///
///
///

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (State of the Art)

50. At all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous, hazardous or defective character, or nature, of asbestos products, when used in the manner and for the purposes intended and in the circumstances of plaintiff's use or exposure, so that there was no duty by Lockheed Martin to know of such character or nature, or to warn plaintiff or others similarly situated.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Statute of Repose)

51. This action was not brought within the time limit for the commencement of such actions by the governing statute of repose.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (No Exposure)

52. Plaintiff fails to state any claims and is accordingly barred from recovering herein, because plaintiff has failed to identify any exposure to asbestos caused by Lockheed Martin.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Workers' Compensation)

53. At all times relative hereto, plaintiff was acting within the course and scope of a special employment and any injury, damage or loss allegedly sustained by him occurred during said special employment. Plaintiff's Complaint is therefore barred by California Labor Code Section 3600, *et seq.*

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Workers' Compensation)

54. At all times relative hereto, plaintiff was acting within the course and scope of his employment and any injury, damage or loss sustained by him was

proximately caused by the negligence of his employers, co-employees, and/or others. Plaintiff's Complaint therefore is barred by California Labor Code Section 3601, *et seq.*

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE
(Improper Use)

55. Plaintiff misused, abused and improperly maintained the products referred to in said Complaint and failed to follow instructions with respect thereto, and this misuse, abuse, improper maintenance and failure to follow instructions on his part proximately caused and contributed to the injuries and damages complained of by plaintiff in said Complaint, if any there were, and recovery is barred or proportionately reduced accordingly.

### TWENTIETH SEPARATE AND ADDITIONAL DEFENSE
(Mitigation of Damages)

56. Plaintiff failed to use reasonable care for his own protection and failed to mitigate his damages, if any there were, and recovery is barred or proportionately reduced accordingly for plaintiff's failure to exercise reasonable diligence and mitigation of damages, if any there were.

### TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
(Third Parties)

57. The matters that are the subject of this Complaint and the actions therein complained of are attributable to third parties over whom Lockheed Martin had no control or right of control, and recovery is therefore barred or proportionately reduced accordingly.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
(No Reasonable Certainty)

58. Exposure, if any, of plaintiff to asbestos fibers, if any, allegedly present at Lockheed Martin premises or in Lockheed Martin products was so minimal as to be insufficient to establish, to a reasonable degree of certainty or probability, that the

injuries and damages complained of resulted from any exposure to or defects from such fibers allegedly present at Lockheed Martin premises or in Lockheed Martin products.

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE
(Set-off)

59. Lockheed Martin is entitled to set-offs for any amount paid or to be paid to plaintiff, as settlement for damages arising out of the claims asserted in the Complaint.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE
(Set-off)

60. The Complaint is barred because plaintiff's injuries, if any there be, arose out of and occurred in the course and scope of plaintiff's employment, and were legally caused by the negligence or other wrongful conduct of plaintiff's employer, co-employees, and/or others such that Lockheed Martin is entitled to a set-off against any award of damages herein made to plaintiff to the extent of workers' compensation benefits received or to be received by plaintiff pursuant to the doctrine of *Witt v. Jackson*, 57 Cal. 2d 57 (1961). By reason of the negligent and wrongful conduct by plaintiff's employer, and if Lockheed Martin be found liable for any alleged injuries or damages in this litigation, any recovery by plaintiff's employer and/or its workers' compensation insurance carrier should be reduced and/or barred pursuant to the doctrine and rules embodied in *Witt v. Jackson*, 57 Cal. 2d 57 (1961).

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE
(Proportionate Share)

61. In the event the plaintiff in this action is entitled to a joint judgment against Lockheed Martin and any of the other defendants, Lockheed Martin is entitled to an order of court that each of said judgment debtors pay to plaintiff their or its proportionate share of the joint judgment as determined by the trier of fact and further, in the event that Lockheed Martin is required to pay to plaintiff a disproportionate

share of the judgment, Lockheed Martin will be awarded judgment of contribution against any judgment debtors who paid less than said debtors' proportionate share, in the amount of said underpayment.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE
(Proportionate Share)

62. The liability of Lockheed Martin, if any there were, shall be apportioned in accordance with California Civil Code Sections 1431 *et seq.*, commonly known as the Fair Responsibility Act of 1986.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE
(Successor Liability)

63. Lockheed Martin denies any and all liability to the extent that Lockheed Martin's liability is asserted to be as a successor, successor-in-business, successor-in-interest, successor in products line or a portion thereof, assign, or predecessor, predecessor-in-business, predecessor-in-interest, predecessor in product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner or member in an entity owning property, maintaining premises, research, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising any of the products to which plaintiff alleges he was exposed.

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE
(Indemnification)

64. The Complaint and each purported cause of action contained therein are barred because any liability alleged by plaintiff is completely indemnified by other third parties.

///

///

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE
(Consent)

65. The Complaint and each purported cause of action contained therein are barred because plaintiff expressly or impliedly consented to the conduct of Lockheed Martin described in plaintiff's Complaint.

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE
(No Duty/Peculiar Risk)

66. Plaintiff is barred from asserting liability against Lockheed Martin pursuant to the legal principles formulated in the case of *Privette v. Superior Court*, 5 Cal. 4th 689 (1993) and subsequent case law, including but not limited to *Camargo v. Tjaarda Dairy*, 25 Cal. 4th 1235 (2001).

### THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE
(Unusual Susceptibility)

67. Plaintiff is barred from recovery herein, in that the injuries or damages plaintiff alleges were proximately caused or contributed to by plaintiff's unusual susceptibility or hypersensitive reactions.

### THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE
(Reservation of Rights)

68. Lockheed Martin has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Lockheed Martin reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories which may or will be divulged through clarification of plaintiff's vague Complaint, through discovery, or through further legal analysis of plaintiff's positions in this litigation.

/ / /

/ / /

/ / /

KNOTT & GLAZIER LLP

ANSWER OF DEFENDANT LOCKHEED MARTIN CORPORATION TO COMPLAINT OF PLAINTIFF ALVIN COOKS

## PRAYER

WHEREFORE, answering Defendant Lockheed Martin prays that plaintiff Alvin Cooks take nothing by his Complaint as to Lockheed Martin and that answering Defendant Lockheed Martin has judgment for its costs of suit and attorneys' fees and for such other and further relief as this Court may deem just and proper.

Dated: November 26, 2007         KNOTT & GLAZIER LLP

By: *Brian T. Clark*

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION